IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 4:19-CR-00198-001MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S** |
| | ) | **SENTENCING MEMORANDUM** |
| Michael Derel Byrd, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

### Introduction

The Defendant, Michael Derel Byrd, hereby submits this Sentencing Memorandum for the Court's consideration

### Procedural History

Mr. Cox was indicted along with thirty-two other defendants in 4:19CR00198-001MGL. The indictment had one count and was filed in the District Court of South Carolina, Florence Division on February 26, 2019. Mr. Byrd was named in count one.

Mr. Byrd signed a plea agreement on May 22, 2019 and pled guilty on July 9, 2019.

### Proffer Partially Completed

In determining the sentence to be imposed, a district court is to consider the advisory Guideline range and sentencing factors set out in 18 U.S.C. § 3553(a). *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). In sentencing a defendant, district courts are mandated to impose a sentence sufficient, <u>but not greater than necessary</u>, to achieve the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). (Emphasis Added)

The "goals" of sentencing set forth in § 3553(a)(2) are 1) *retribution* (to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment); 2)

*deterrence* (to deter other individuals from committing similar crimes); 3) *incapacitation* (to protect the public from further crimes by the defendant); and 4) *rehabilitation* (to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner). The "sufficient-but-not-greater-than-necessary" requirement is not simply another "factor" to be considered along with the others set forth in §3553(a). Rather, the "sufficient-but-not-greater-than-necessary" requirement sets an independent limit of the sentence the court may impose.

Mr. Byrd entered into a proffer agreement. He did not complete the polygraph examination therefore making him ineligible for consideration for safety valve. However, Mr. Byrd respectfully asks this court to sentence Mr. Byrd to no more than the mandatory of ten (10) years.

## Criminal History

The only entries on Mr. Byrd's criminal history is disturbing schools in 2003 and possession of 28 Grams or less of Marijuana in 2012.

## Current Life

Mr. Byrd has been operating a clothing store in Florence and is taking care of two families, his current partner, son, and daughter; a former girlfriend whom he also has another son and daughter together.

Attached are letters from supportive family members. This speaks well for Mr. Byrd being a good inmate and successfully completing supervised release.

Mr. Byrd has expressed the desire to participate in drug and other available programs while incarcerated.

## Conclusion

Mr. Byrd has not served a significant time particularly and no federal time, he respectfully requests a sentence no longer than the ten (10) year mandated minimum.

Respectfully submitted,


                                             s/ Carla F. Grabert-Lowenstein
                                             CARLA F. GRABERT-LOWENSTEIN
                                             Attorney at Law


On this day ___1___ of November, 2019
Conway, South Carolina