IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION


UNITED STATES OF AMERICA                4:19-CR-198-MGL

        VERSUS                          JULY 9, 2019

MICHAEL DEREL BYRD                      FLORENCE, SC



BEFORE THE HONORABLE MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


TRANSCRIPT OF CHANGE OF PLEA HEARING



A P P E A R A N C E S:

For the Government:     DEREK ALAN SHOEMAKE, AUSA
                        U.S. ATTORNEY'S OFFICE
                        PO BOX 1567
                        FLORENCE, SC 29503
                        Derek.shoemake@usdoj.gov


For the Defendant:      CARLA GRABERT-LOWENSTEIN, ESQUIRE
                        211 LAUREL STREET
                        CONWAY, SC 29526
                        Cfgl@earthlink.net



------------------------------------------------
BETH A. KRUPA, RMR, CRR
United States Court Reporter
401 West Evans Street
Florence, Sc  29501
Beth_krupa@scd.uscourts.gov

(Stenotype/Computer-Aided Transcription)

1     (The following transcript has been prepared by Beth

2     A. Krupa, RMR, CRR, Official Court Reporter, to the best

3     of her abilities from the steno notes of Raymond D.

4     Simmons.)

5          (Proceedings commence.)

6          THE COURT:  Now, we have Mr. Reed and then I

7     would like to have Mr. Byrd, Ms. King.  So we have

8     Mr. Reed, Mr. Byrd -- Mr. Reed, Mr. Byrd, Ms. King,

9     Mr. Canty.

10         All right.  There are several questions I have

11    to ask your lawyers.  Mr. Nettles, we'll just be going

12    back and forth.  I apologize.  I should have set this up

13    differently.

14         Let me ask all the lawyers, have you been able

15    to communicate with your client in English?

16         MR. NETTLES:  Yes, ma'am.

17         MS. GRABERT-LOWENSTEIN:  Yes, Your Honor.

18         MR. LEE:  Yes, ma'am.

19         THE COURT:  And have you explained to your

20    defendant or defendants the charges that are contained in

      the information as to the case of Mr. Reed or the

      indictment in the cases with the other, the possible

      punishment and his or her constitutional rights including

      the right to a jury trial?

           MR. NETTLES:  Yes, Your Honor, both of my

clients.

        MS. GRABERT-LOWENSTEIN:  Yes, Your Honor.

        MR. LEE:  Yes, ma'am.

        THE COURT:  All right.  And in your opinion, does your defendant or defendants understand the charges, the punishments and his or her rights?

        MR. NETTLES:  Yes as to both.

        MS. GRABERT-LOWENSTEIN:  Yes, Your Honor.

        MR. LEE:  She does, Your Honor.

        THE COURT:  Okay.  How do your defendant or defendants indicate that he wishes to plead, guilty or not guilty?

        MR. NETTLES:  Guilty, Your Honor.

        MS. GRABERT-LOWENSTEIN:  Guilty, Your Honor.

        MR. LEE:  Guilty, Your Honor.

        THE COURT:  Counselors, do you agree with that decision?

        MR. NETTLES:  Yes, as to both.

        MS. GRABERT-LOWENSTEIN:  Yes.

        MR. LEE:  Yes, ma'am.

        THE COURT:  Okay.  And from your investigation of the facts and circumstances of your case or cases, do you feel the government could produce sufficient evidence to convince a jury of your defendant or defendants' guilt beyond a reasonable doubt and that if he or she were to

stand trial, his or her conviction would be probable?

      MR. NETTLES:  I do as to both.

      MS. GRABERT-LOWENSTEIN:  Yes, Your Honor.

      MR. LEE:  I do, Your Honor.

      THE COURT:  Has your defendant or any of your defendants been ordered to submit to a mental examination to determine his or her competency to stand trial?

      MR. NETTLES:  No, Your Honor, to both.

      MS. GRABERT-LOWENSTEIN:  No.

      MR. LEE:  No, Your Honor.

      THE COURT:  Do you have any doubt as to your defendant's competency to plead guilty at this time?

      MR. NETTLES:  No as to both.

      MS. GRABERT-LOWENSTEIN:  No, Your Honor.

      MR. LEE:  No, ma'am.

      THE COURT:  I believe, Mr. Reed, you are already under oath, sir, and, madam clerk, if you would place the others under oath.

    *(Defendants sworn.)*

      THE COURT:  All right.  I'm going to ask you a series of questions to each of you and I need a separate answer from each of you.  We will start from my left to right?  Are you able to understand and speak the English language?

      DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes, Your Honor.

DEFENDANT CANTY:  Yes, Your Honor.

THE COURT:  I've been told that you wish to change the plea that you previously entered to a plea guilty; is that correct?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes, ma'am.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Before I can accept a plea of guilty, it is necessary for me to make sure that your plea of guilty is being made freely and voluntarily so I have to ask you some questions.

As I explained to Mr. Reed a moment ago, if you don't understand any of my of my questions please let me know and I will try to explain them to you.

Also, if at any time during these proceedings you need a moment to speak with your lawyer, just let me know and I will make arrangements for that.  Do you understand each of those things?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes, Your Honor.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Mr. Reed, we have already been over this with you and you have been found to be competent, so let me ask the others.  Mr. Byrd, sir, how old are you?

DEFENDANT BYRD:  33.

THE COURT:  What is your educational background?

DEFENDANT BYRD:  Some high school.

THE COURT:  Did you get your GED?

DEFENDANT BYRD:  No, ma'am.

THE COURT:  What kinds of work do you do, sir?

DEFENDANT BYRD:  I drive truck.  I (indecipherable).

THE COURT:  Have you ever been treated for the abuse of drugs or alcohol or for mental illness?

DEFENDANT BYRD:  No, ma'am.

THE COURT:  Have you taken any medication, drugs or alcohol in the last 24 hours?

DEFENDANT BYRD:  No, ma'am.

THE COURT:  Do you have any other problems, physical or emotional, anything that might interfere with your ability to understand what you are doing today?

DEFENDANT BYRD:  No, ma'am.

THE COURT:  And, Counsel, do you agree that he understands what he's doing today?

MS. GRABERT-LOWENSTEIN:  Yes, Your Honor.

THE COURT:  Okay.  Very good.

Ms. King, how old are you, ma'am?

DEFENDANT KING:  28.

THE COURT:  And how far did you go in school?

DEFENDANT KING:  I have my master's degree.

THE COURT:  Master's in what?

DEFENDANT KING:  Human services.

THE COURT:  All right, very good.  What kind of work do you do?

DEFENDANT KING:  I'm unemployed, but I used to work in social work field.

THE COURT:  Have you ever been treated for the abuse of drugs or alcohol or mental illness?

DEFENDANT KING:  No, Your Honor.

THE COURT:  Okay.  Have you taken any medication, drugs or alcohol in the last 24 hours?

DEFENDANT KING:  No, ma'am, Your Honor.

THE COURT:  Do you have any other problem or condition that would affect your ability to understand what you are doing here today?

DEFENDANT KING:  No, ma'am.

THE COURT:  Counselor, do you agree that she understands what she is doing here today?

MR. LEE:  Yes, ma'am.

THE COURT:  Mr. Canty, same questions for you,

sir.  How old are you, sir?

        DEFENDANT CANTY:  39.

        THE COURT:  And how far did you go in school?

        DEFENDANT CANTY:  Tenth grade.

        THE COURT:  Sir, prior to your incarceration, what kind of work did you do?

        DEFENDANT CANTY:  (Indecipherable.)

        THE COURT:  Okay.  Have you ever been treated for the abuse of drugs or alcohol or mental illness?

        DEFENDANT CANTY:  No, ma'am.

        THE COURT:  Have you taken any drugs, alcohol or medication in the last 24 hours?

        DEFENDANT CANTY:  No, ma'am.

        THE COURT:  Do you suffer from any other condition or problem that would keep from understanding what you are doing here today?

        DEFENDANT CANTY:  No, ma'am.

        THE COURT:  Mr. Nettles, do you agree that he understands what he's doing here today?

        MR. NETTLES:  Yes, ma'am.

        THE COURT:  All right.  Very good.  It appears to me that each of these defendants is competent to plead to the charges and I so find for purposes of record.

        I have another series of questions, again, I'll need a separate answer from each of you.

Are you satisfied with the manner in which your attorney has advised you and represented you?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Have you talked with your lawyer as often and for as long as you think its necessary for him or her to represent you?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes, ma'am.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Have you understood all of the conversations that you had with your lawyer?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes, ma'am.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Would you like any more time to talk with your lawyer before we continue?

DEFENDANT REED:  No, ma'am.

DEFENDANT BYRD:  No, ma'am.

DEFENDANT KING:  No, ma'am.

DEFENDANT CANTY:  No, ma'am.

THE COURT:  Has your lawyer done everything that you feel he or she could have been done?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, Your Honor.

DEFENDANT KING:  Yes, ma'am.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  So are you fully satisfied with the services of your lawyer?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Is there any complaint about your lawyer that you would like to make me aware of before we continue?

DEFENDANT REED:  No, ma'am.

DEFENDANT BYRD:  No, ma'am.

DEFENDANT KING:  No, ma'am.

DEFENDANT CANTY:  No, ma'am.

THE COURT:  All right.  Well, under the Constitution and laws of the United States, you have the right to plead not guilty.  And if you plead not guilty, you are entitled to a trial by a jury during which you have the right to the assistance of counsel for your defense on the charge or charges that are contained in

the indictment or information.

Do you understand that and again, I need a separate answer from each you?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes.

THE COURT:  If you were to go to trial, you would be presumed to be innocent and the government would be required to prove you guilty by competent evidence and beyond a reasonable doubt before you could be found guilty and you would not have to prove that you were innocent.  Do you understand that?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  In the course of a trial, the witnesses for the government would have to come to court and testify in your presence and your counsel could cross-examine those witnesses for the government, object to evidence that is offered by the government as well offer evidence on your behalf.  Do you understand those things?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes.

THE COURT:  At a trial while you would have the right to testify if you chose to do so, you would also have the right not to testify and no inference or suggestion of guilt could be drawn from the fact that you did not testify.  Do you understand that?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  At a trial you would have the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in your defense.  Do you understand that?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  If you plead guilty and I accept your plea, you will waive your right to a jury trial and the other rights that I have just discussed and there will be no trial and I will enter a judgment of guilty and sentence you on the basis of your guilty plea after I

consider a presentence investigation report.  Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes, Your Honor.

        DEFENDANT CANTY:  Yes, ma'am.

        THE COURT:  If you plead guilty and I accept your plea, you will also give up your right not to incriminate yourself since I will ask you questions about what you did in order to satisfy myself that you are guilty as charged and you will to have acknowledge your guilt.  Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes.

        DEFENDANT CANTY:  Yes, ma'am.

        THE COURT:  You may have given an incriminating statement in your case.  If you plead guilty, you will waive the right to challenge or to contest whether such a statement was made freely and voluntarily in accordance with your constitutional rights.  Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes.

        DEFENDANT KING:  Yes.

        DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  You may have defenses to the charge
or charges against you.  Do you understand that if you
plead guilty, you waive or give up any defenses to the
charge?

DEFENDANT REED:  Yes.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes, ma'am.

DEFENDANT CANTY:  Yes, yes, ma'am.

THE COURT:  If you plead guilty and I accept
your plea, you may be required to make restitution to the
victim or victims or your acts either by payment of money
or in personal service as the Court may order.

If restitution or personal service is ordered,
failure to comply may be a basis for revoking any periods
of supervision that is placed upon you.  Do you
understand that?

DEFENDANT REED:  Yes.

DEFENDANT BYRD:  Yes.

DEFENDANT KING:  Yes, ma'am.

DEFENDANT CANTY:  Yes.

THE COURT:  Are you on probation or parole at
this time?

DEFENDANT REED:  No, ma'am.

DEFENDANT BYRD:  Probation.

THE COURT:  You are on probation?

DEFENDANT BYRD:  Yes.

THE COURT:  Sir, do you understand that your probation could be revoked because of your guilty plea in this case?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  All right.  Anybody else on probation or parole?

DEFENDANT KING:  No, ma'am.

DEFENDANT CANTY:  No.

THE COURT:  All right.  Do you understand that when you plead guilty, you admit the truth of the charge or charges against you?

DEFENDANT REED:  Yes.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Now that I have discussed your rights with you, do you still wish to plead guilty?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes, Your Honor.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  The offense with which you have been charged and which you are pleading guilty is a felony offense.  So if your plea is accepted, you will be

adjudged guilty of that offense and that adjudication may deprive of you valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm. Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes.

        DEFENDANT CANTY:  Yes, ma'am.

        THE COURT:  If your offense carries a maximum sentence of 25 years or more, a probation sentence is not available to you.  Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes.

        DEFENDANT CANTY:  Yes, ma'am.

        THE COURT:  You may be required to forfeit certain property to the government.  Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes.

        DEFENDANT CANTY:  Yes, ma'am.

        THE COURT:  If you plead guilty, then I have to determine the appropriate sentence to be imposed.  Under

the Sentencing Reform Act of 1984, the United States
Sentencing Commission issued guidelines for judges to
follow in determining a sentence in a criminal case.

I have to consider those guidelines as well as
the statutory sentencing factors that are contained in
Section 3553(a) of Title 18 of our federal code.  Now,
have you and your attorney talked about the guidelines
and the statutory sentencing factors and how they may
apply to your case and affect your sentence?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Mr. Byrd, Mr. King, Mr. Canty --
Ms. King, your attorney can only give you an estimate of
what your guideline range may be and what enhancements
under the guidelines may apply to your case.

Do you understand that the sentence that I
impose may be different from any estimate that your
lawyer may have given you.  Do you understand that?

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  And I will not be able to determine
the guideline sentence for your case until after you and

the government have reviewed the presentence report and have the opportunity to object to findings in that report. Do you understand that?

        DEFENDANT BYRD: Yes, ma'am.

        DEFENDANT KING: Yes.

        DEFENDANT CANTY: Yes, ma'am.

        THE COURT: Mr. Byrd, Ms. King and Mr. Canty, your sentence range can be substantially affected by what is known as relevant conduct. This means that you can be held accountable for conduct in which you were directly involved in preparation for, during, or attempting to avoid responsibility for the offense with which you have been charged.

        It also means that where you have been involved with jointly undertaken criminal activity with others, that you will be held accountable for the conduct of others that was both in furtherance of your joint criminal activity and reasonably foreseeable in connection with that activity. Do you understand that?

        DEFENDANT BYRD: Yes, ma'am.

        DEFENDANT KING: Yes.

        DEFENDANT CANTY: Yes, ma'am.

        THE COURT: And have you discussed this topic of relevant conduct with your lawyer?

        DEFENDANT BYRD: Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  And after it has been determined what guidelines do apply to your case, I have the authority, in some circumstances, to impose a sentence that is more severe or less severe than the sentence that is called for by the guidelines.  Do you understand that?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  And under some circumstances, you or the government, may have the right to appeal any sentence that I impose.  Do you understand that?

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  Parole has been abolished and if you are sentenced to prison, you will not be released on parole.  Do you understand that?

DEFENDANT REED:  Yes, ma'am.

DEFENDANT BYRD:  Yes, ma'am.

DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  All right.  Under the provisions of

the Sentencing Reform Act, the Court may order a term of supervision to follow imprisonment in any case. The Court must order a term of supervision to follow imprisonment if a sentence of more than one year is imposed or if that is required by statute. Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes, ma'am.

        DEFENDANT CANTY:  Yes, ma'am.

        THE COURT:  And when a person is placed on supervised release, that person is restricted as to the places that he or she may go, the things that he or she may do and that person must report to authorities on a regular basis. Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes.

        DEFENDANT CANTY:  Yes, ma'am.

        THE COURT:  And if you violate any term or condition of your supervised release, you can be given additional time in prison. Do you understand that?

        DEFENDANT REED:  Yes, ma'am.

        DEFENDANT BYRD:  Yes, ma'am.

        DEFENDANT KING:  Yes.

DEFENDANT CANTY:  Yes, ma'am.

THE COURT:  All right.  Very good.  Then if you would let these defendants just either take a seat, step aside as we take up the specifics of Mr. Reed's plea.

*(The Court presided over other matters.)*

MR. SHOEMAKE:  Mr. Byrd.

THE COURT:  All right, Mr. Byrd.

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  A moment ago, your attorney told me that she has explained to you the charges against you, the possible punishment you face and your constitutional rights and that you understand all of those things; is that correct?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Mr. Byrd, you understand what you are doing here today, sir?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Have you received a copy of the indictment against you?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Have you read it?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Have you discussed it with your lawyer?

DEFENDANT BYRD:  Yes, ma'am.

1    THE COURT:  Has she answered all of your

2 questions about it?

3    DEFENDANT BYRD:  Yes, ma'am.

4    THE COURT:  All right.  Have you talked with

5 her about your case in general?

6    DEFENDANT BYRD:  Yes, ma'am.

7    THE COURT:  Have you told her everything about

8 your case?

9    DEFENDANT BYRD:  Yes, ma'am.

10    THE COURT:  All right.  Mr. Shoemake, if you

11 would please summarize that indictment and give us the

12 elements and penalties of the count to which the

13 defendant is pleading.

14    MR. SHOEMAKE:  Yes, Your Honor, while this is a

15 multi-count indictment, Your Honor, the defendant is only

16 pleading to Count 1.  Count 1 of that indictment charges

17 that beginning at a time unknown to the grand jury but

18 beginning at least in or around January 2000 up to and

19 including the dates of this indictment, the defendant

20 Michael Derel Byrd a/k/a Mike Byrd, a/k/a Birdman,

21 knowingly and intentionally did combine, conspire and

22 agree and have a tacit understanding with others both

23 known and unknown to the grand jury, to knowingly,

24 intentionally and unlawfully possess with intent to

25 distribute marijuana a Scheduled I controlled substance,

cocaine and cocaine base a Schedule II controlled substance.

Specifically as to this defendant, the indictment charges that he has a conspiracy to distribute 500 grams or more of cocaine, 280 grams or more of cocaine base and less than two kilograms of marijuana.

Your Honor, I would note that under the plea itself, the 280 grams of cocaine base, that is the specific quantity he pled to. And Your Honor, because of that penalty, in order for the government to sustain that burden of proof, the government is required to prove the following elements:

A, the conspiracy described in the indictment was willfully formed and was existing on or about the alleged time;

B, the defendant willfully became a member of the conspiracy; and, C, the defendant distributed or agreed to assist in the distribution of the quantity of controlled substance contained in the indictment or the distribution of this quantity was reasonably foreseeable to the defendant and was within the scope of his agreement and understanding.

The penalties of this are a fine of up to $10 million, imprisonment of 10 years to life, a term of supervised release of five years and a special assessment

1   fee of $100.  Your Honor, I do believe that summarizes

2   the indictment, elements and penalties.

3           THE COURT:  All right.  Okay.  Is it

4   Grabert-Lowenstein?

5           MS. GRABERT-LOWENSTEIN:  Yes.

6           THE COURT:  Okay.  I want to make sure I'm

7   pronouncing it correctly.

8           MS. GRABERT-LOWENSTEIN:  Yes.

9           THE COURT:  Okay.  Have we heard an accurate

10  summary of the indictment and the elements and penalties?

11          MS. GRABERT-LOWENSTEIN:  Yes, and we were

12  provided a copy before and I believe it is accurate

13  according to the discovery that we have in our

14  investigation.

15          THE COURT:  All right.  Mr. Byrd, you heard

16  what Mr. Shoemake has said.  Do you understand the nature

17  of the charge against you and the range of potential

18  punishments you face?

19          DEFENDANT BYRD:  Yes, ma'am.

20          THE COURT:  All right.  I find the defendant,

21  Michael Derel Byrd, fully comprehends and understands the

22  nature of the charges against him and generally what

23  elements the government would have to prove if a trial

24  were held as well as the potential range of punishment he

25  faces.  All right.  Hearing those, the nature of the

 1   charges and the elements and the penalties.

 2             MS. GRABERT-LOWENSTEIN:  Yes.

 3             THE COURT:  And you're telling me you

 4   understand them, right, sir?

 5             DEFENDANT BYRD:  Yes, ma'am.

 6             THE COURT:  Do you still wish to plead guilty?

 7             DEFENDANT BYRD:  Yes, ma'am.

 8             THE COURT:  All right.  It's my understanding

 9   that there is a plea agreement in this case, so I would

10   ask Mr. Shoemake to please summarize that for us.

11             MR. SHOEMAKE:  Yes, Your Honor.  The plea

12   agreement is signed the 22nd day of May of 2019 between

13   the government and the defendant, Mr. Byrd.

14             In consideration of the mutual promises herein

15   made, the defendant agrees to plead guilty to Count 1.

16   We just discussed that count, also the potential elements

17   and penalties.

18             In Paragraph 2, Your Honor, the defendant

19   understands and agrees to the monetary penalties imposed

20   by the Court which are due and payable immediately

21   subject to enforcement by the United States as civil

22   judgments.

23             Your Honor, that paragraph goes on Page 3 to

24   discuss the special assessment of $100 for each felony

25   count for which he is convicted.  Paragraph B discusses

restitution.  The defendant agrees to make full
restitution in an amount to be determined by the Court at
the time of sentencing.

Your Honor, Paragraph C of Paragraph 3, C says
that the defendant understands that the Court may impose
fines pursuant to 18 United States Code 3571 and 3572.

Your Honor, Page 4, Paragraph 3, Your Honor,
provided the defendant complies with all the terms of
this agreement, the United States agrees to dismiss any
remaining counts of the indictment at sentencing.

The defendant understands that the Court may
consider these dismissed counts as relevant conduct
pursuant to Section 1B1.3 of the United States Sentencing
Guidelines.

In Paragraph 4, the defendant understands the
obligations of the government within the plea agreement
are expressly contingent upon the Defendant abiding by
all federal and state laws and complying with any bond
executed in this case.

Should the defendant fail to comply with these
provisions, the government has the right, at its sole
election, to void all of its obligations in the plea
agreement.

Your Honor, cooperation and forfeiture language
is included in Paragraph 5.  The defendant agrees to be

 1    fully truthful and forthright with federal, state, and
 2    local law enforcement by providing full, complete and
 3    truthful information.  Your Honor, he must testify
 4    truthfully before any grand jury or other trials if
 5    called upon to do so by the government.
 6         Your Honor, the defendant understands the
 7    agreement becomes null and void due to lack of
 8    truthfulness.  He also understands he will not be
 9    permitted to withdraw his plea of guilty to the offenses
10    described above.
11         All additional charges known to the government
12    may be filed in the appropriate district.  The government
13    will argue for a maximum sentence for the offense to
14    which the defendant has pleaded guilty should he be
15    untruthful.
16         And, the government will use any and all
17    information and testimony provided by the defendant
18    pursuant to this agreement or by any proffer agreements
19    in the prosecution of the defendant should he be
20    untruthful.
21         In Paragraph 6, Your Honor, the defendant
22    agrees to submit to polygraph examinations as may be
23    requested by the government and agrees that any such
24    examination may be performed by a polygraph examiner
25    selected by the government.

In Paragraph 7, the government agrees that any
self-incriminating information provided by the defendant
as a result of cooperation, although available to the
Court, will not be used against the defendant in
determining the applicable guideline range for
sentencing.  The provisions of this paragraph shall not
be applied to restrict any such information.

Information known to the government prior to
the date of the agreement; concerning the existence of
prior convictions; in a prosecution for perjury or giving
a false statement; in the event the defendant breaches
any terms of the agreement or used to rebut any evidence
or arguments offered by or on behalf of the defendant at
any state of the criminal prosecution.

Your Honor, Paragraph 8, provided the defendant
cooperates pursuant to the provisions of this plea
agreement and that cooperation is deemed by the
government as providing substantial assistance in the
prosecution of another person, the government agrees to
move the Court for a downward departure or a reduction of
sentence pursuant to Sentencing Guideline 5K1.1 or Title
18, United States Code Rule of Criminal Procedure 35(b).

Any such motion of the government is not
binding on the Court and should the Court deny the
motion, the defendant will not have the right to withdraw

his plea.

Paragraph 9, the defendant agrees to voluntarily surrender and not contest the forfeiture of any assets or property or portions thereof subject to forfeiture pursuant to any provision of law.

Your Honor, the rest of the page continues on and details very specifically forfeiture.

Your Honor, Paragraph 10, the defendant also agrees to voluntarily transfer all right and title to any above-described property or assets.

Your Honor, the next section a merger and other provision section. Paragraph 11, the defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss his case and to receive advice.

He has been truthful with his attorney and relayed all information to his attorney. They have discussed all possible defenses to the case. Your Honor, that paragraph is noting that this agreement is a matter of the defendant's free and voluntary choice and not the result of any pressure or intimidation.

Paragraph 12 is the appellate waiver. The defendant is aware that 3742 and 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the defendant, in

exchange for concessions made by the government in the
plea agreement waives the right to contest any conviction
or sentence in any direct appeal or postconviction action
including proceedings under 2255.

Your Honor, the waiver does not apply to claims
of ineffective assistance of counsel, prosecutorial
misconduct or future changes of the law that affects the
defendant's sentence.

Your Honor, Paragraph 13 notes that the
defendant waives all rights to request or receive any
records from any department or agency of the United
States including information that may be sought under the
FOIA Act.

Your Honor, Paragraph 14, the parties agree
that this is the entire plea agreement and that this
agreement supersedes all prior promises, representations
or statements of the parties and that this agreement
shall not be binding on any party until the defendant
tenders a plea.

And any and all promises, representations and
statements made prior to or contemporaneous with or after
this agreement are null and void.

Your Honor, the plea agreement is signed on May
22, 2019 by the defendant and his attorney.

THE COURT:  Thank you.  All right.

Ms. Grabert-Lowenstein, have we heard an accurate summary
of the plea agreement?

        MS. GRABERT-LOWENSTEIN:  Yes.

        THE COURT:  All right.  Mr. Byrd.

        DEFENDANT BYRD:  Yes.

        THE COURT:  Do you have copy of the plea
agreement in front of you?

        DEFENDANT BYRD:  Yes, ma'am.

        THE COURT:  Have you read it?

        DEFENDANT BYRD:  Yes, ma'am.

        THE COURT:  Have you talked with your attorney
about it?

        DEFENDANT BYRD:  Yes, ma'am.

        THE COURT:  Has she answered your questions
about it?

        DEFENDANT BYRD:  Yes, ma'am.

        THE COURT:  Do you understand it?

        DEFENDANT BYRD:  Yes, ma'am.

        THE COURT:  Is that your signature near the
end?

        DEFENDANT BYRD:  Yes, ma'am.

        THE COURT:  All right.  Does it set out your
entire agreement with the United States government
concerning the charges pending against you?

        DEFENDANT BYRD:  Yes, ma'am.

1     THE COURT:  All right.  I want to point out to
2 you a couple of things.  Paragraph 8 points out that if
3 you cooperate pursuant to the provisions of your plea
4 agreement and that cooperation is deemed by the
5 government as providing substantial assistance in the
6 investigation or prosecution of another person, the
7 government agrees to move the Court for a downward
8 departure or a reduction in sentence.

9     Do you understand that that motion -- that
10 agreement is not binding on me and should I decide to
11 deny the government's motion, you will not be able to
12 withdraw your plea?

13     DEFENDANT BYRD:  Yes, ma'am.

14     THE COURT:  Also, sir, I would like to point
15 out that in Paragraph 12 of your agreement there is what
16 we call an appellate waiver.  It provides that the
17 defendant is aware that 18 United States Code 3742 and 28
18 United States Code 2255 afford every defendant certain
19 rights to contest the conviction and/or sentence.

20     Acknowledging those rights in exchange for the
21 concessions that are made by the government in the plea
22 agreement, you are waiving your right to contest either
23 the conviction or the sentence in any direct appeal or
24 other post conviction action including proceedings under
25 28 U.S.C. 2255.

The waiver does not, however, apply to claims of ineffective assistance of counsel, prosecutorial misconduct or future changes in the law that might affect your sentence.

Also, it does not affect the rights or obligations of the government nor does it limit the government in its comments in or in response to any postsentencing matters.

So, Mr. Byrd, do you understand which rights you are waiving?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Do you still wish to plead guilty?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Sir, let me ask you, did you commit this offense?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Mr. Byrd, has anyone promised you anything or held out any hope of reward to get you to plead guilty?

DEFENDANT BYRD:  No, ma'am.

THE COURT:  Has anybody threatened you, pressured you, intimidated you or used force to get you to plead guilty?

DEFENDANT BYRD:  No, ma'am.

THE COURT:  Have you had enough time to decide

1    whether or not you want to plead guilty?

2         DEFENDANT BYRD:  Yes, ma'am.

3         THE COURT:  And are you pleading guilty of your

4    own free will and accord?

5         DEFENDANT BYRD:  Yes, ma'am.

6         THE COURT:  Mr. Shoemake, if you would please

7    summarize the evidence that the government would be

8    prepared to present that would establish the elements of

9    this offense.

10        MR. SHOEMAKE:  Yes, Your Honor.  The

11   investigation identified -- the investigation in this

12   case identified and determined that Michael Derel Byrd,

13   a/k/a/ Mike Byrd, a/k/a Birdman, the defendant, in the

14   District of South Carolina was involved in an ongoing

15   drug conspiracy during the time period of 2009 to 2018.

16        The investigation was established through

17   controlled buys and the confidential sources relayed a

18   lot of information.  Mr. Byrd is responsible for

19   trafficking or involved in the conspiracy to traffic 280

20   grams or more of cocaine base or more commonly known as

21   crack cocaine.

22        Specifically, Your Honor, there were a handful

23   of controlled buys.  On November 20, 2009, the narcotics

24   investigators with the Florence County Sheriff's Office

25   utilized a confidential informant and made a purchase of

20.63 grams of powder cocaine.

Mr. Byrd had a recorded conversation with the CI and was asking for a price. Specifically, Mr. Byrd told the CI that the powder cocaine was cooked very well into crack cocaine which he would then sell.

On December 11, 2009, narcotics investigators with the Florence County Sheriff's Office made a controlled drug buy from Mr. Byrd of 11.51 grams of crack cocaine. That weight was confirmed by SLED.

The CI had a conversation with Mr. Byrd which confirmed his involvement in the drug activity. Your Honor, on July 17, 2018, the narcotics investigators with the Darlington County Sheriff's Office directed an individual to purchase drugs. He then agreed to contact Mr. Byrd and set up a drug deal.

Mr. Byrd agreed to send someone to deliver the drugs. The individual did call Mr. Byrd while the officers listened to the phone call. The officers went to the meeting location and conducted surveillance.

The officers observed the investigated individuals sent by Mr. Byrd who was driving a rental vehicle that was rented by Mr. Byrd. Located in the vehicle was approximately a pound of marijuana and 27.98 grams of powder cocaine.

Your Honor, there were numerous interviews

conducted with cooperating witnesses and confidential

informants.  The information indicated that Mr. Byrd and

others did distribute or agree to assist in the

distribution of additional quantities of crack cocaine,

specifically, in excess of 280 grams of crack cocaine.

Or at least a quantity of 280 grams or more of

crack cocaine was attributed to Mr. Byrd within the scope

of the defendant's agreement and conspiracy.

THE COURT:  All right.  Thank you.  Mr. Byrd,

you heard Mr. Shoemake explain your participation in this

conspiracy.  Is what he said accurate?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Did you indeed commit this offense?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Okay.  Have you understood all of

my questions today?

DEFENDANT BYRD:  Yes, ma'am.

THE COURT:  Is there anything you want to ask

me before we continue?

DEFENDANT BYRD:  I want to know if I can stay

out until my sentencing because my girlfriend is

currently moving and she don't have anybody else to help

her move?

So we kind of were trying to find a cheaper

place and I got contacted last week about possibly coming

1    open so I just wanted to know if I had to go in custody

2    today.  I wanted to -- to know if I stay out another

3    month until my sentencing to help my girl and kids.

4             THE COURT:  Mr. Shoemake?

5             MR. SHOEMAKE:  Your Honor, may we approach?

6        *(Sidebar discussion off the record.)*

7             THE COURT:  Mr. Byrd, I will give you a moment

8    to speak to your lawyer about this, please let me know

9    now and I will take a little time to do that.  But we

10   have what's called the Mandatory Detention Act.  Certain

11   offenses require the Court statutorily to detain you in

12   your situation.

13            There is a provision for an exception when

14   there is exceptional circumstances in the case.  And

15   based on what your lawyer has told me and also on the

16   fact that the government is not challenging any of the

17   information that I am going to allow you to stay on bond,

18   the same conditions until your sentencing.

19            DEFENDANT BYRD:  Thank you.

20            THE COURT:  Anything else you want to ask me?

21            DEFENDANT BYRD:  No, ma'am.

22            THE COURT:  How do you wish to plead, sir?

23            DEFENDANT BYRD:  Guilty.

24            THE COURT:  It is the finding of the Court in

25   the case of United States versus Michael Derel Byrd that

1    the defendant is fully competent and capable of entering
2    an informed plea that his plea of guilty is a knowing and
3    voluntary plea formed by an independent basis in fact
4    containing each of the essential elements.  His plea is,
5    therefore, accepted and he is now adjudged guilty of that
6    offense.
7            Sir, as you probably heard me explain to the
8    others, a report gets put together by the probation
9    office to help me with your sentencing.  You will be
10   asked to provide information for that.  Your lawyer can
11   be present during any questioning by the probation
12   office.
13           DEFENDANT BYRD:  Thank you.
14           MS. GRABERT-LOWENSTEIN:  Thank you, Your Honor.
15           MR. SHOEMAKE:  Thank you, Your Honor.
16       *(Proceedings concluded.)*
17
18
19
20
21
22
23
24
25

```
**************************************************
```
## CERTIFICATE OF REPORTER

I, Beth A. Krupa, RMR, CRR, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the stenographic notes provided to me by the District of South Carolina, Florence Division, of the proceedings taken on the date and time previously stated in the above matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

/S/ *Beth A Krupa*                    February 22, 2022

Beth A. Krupa, RMR, CRR
Official Court Reporter        Date
U.S. District Court
District of South Carolina

Beth A. Krupa, RMR, CRR